HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MILES MONAHAN; DALE HOUSDEN;
DAVID ROBERTS; JIM MUMFORD;
CALVIN LUKKEN; BRADLEY PORTER;
JAY EVENSON; AARON JESSOP;
MICHAEL SWIHART; and DARREN
WISHARD, individuals,
               Plaintiff,

v.

EMERALD PERFORMANCE
MATERIALS, LLC, a foreign corporation,
               Defendant.

Case No. C08-1511 RBL

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS CERTAIN
CLAIMS UNDER FRCP 12(B)(6)

THIS MATTER is before the Court on Defendant's motion to dismiss certain claims under FRCP 12(b)(6) [Dkt. #9]. For the reasons set forth below, Defendant's motion is GRANTED.

**I. Introduction**

Defendant purchased a corporation on May 7, 2006, which included a chemical plant near Kalama, Washington [Dkt. #1]. Plaintiffs were all employed by Defendant in the Kalama plant at the time of purchase. *Id*. From the 2006 purchase date until May, 2008, Plaintiffs were all operating under a collective bargaining agreement[1]. *Id*. In part, the collective bargaining agreement denied certain

---
[1] The collective bargaining agreement had been in place since May, 2005 [Dkt. #1].

ORDER
Page - 1

employees overtime benefits due under the Fair Labor Standards Act ("FLSA"). *Id*. On May 27, 2008, the Secretary of the U.S. Department of Labor ("Secretary") filed a complaint under FLSA §217 (Case No. 5:08-CV-01207SL) in the District Court for Northern District of Ohio ("Ohio Suit"). *Id*. The complaint sought to enjoin both Defendant's continued violation of the FLSA (by not providing overtime compensation for hours worked over 40 hours a week) and Defendant's withholding of overtime wages due. *Id*. On July 29, 2008, the court ruled in favor of the Secretary, ordering Defendant to pay its employees $241,308.48 in unpaid compensation for the period of May 7, 2006 to June 15, 2008[2]. *Id*., *see also* Dkt. #9-3. Plaintiffs were not notified of the Ohio Suit or given an opportunity to participate in it. *Id*. The Plaintiffs did not accept the payment tendered to them as a result of the Ohio Suit.

Plaintiffs commenced this action on October 10, 2008. *Id*. Plaintiffs complaint asserts the following causes of action: (1) violation of 29 U.S.C. §201 *et. seq*., for unpaid overtime wages due under the FLSA; (2) violation of 29 U.S.C. §251 *et. seq*., for unpaid overtime wages under the Portal-to-Portal Act; and (3) violation of RCW 49.46.090 *et seq*., for unpaid overtime wages under Washington state law[3].

Defendant argues that the Secretary's FLSA §217 claim operates as a bar to Plaintiffs' FLSA claim [Dkt. #9]. Defendant also argues that Plaintiffs' claim under the Portal-to-Portal Act is barred because that statute does not establish an independent cause of action for unpaid wages. *Id*.

Plaintiffs argue that notwithstanding the statutory bar, the purpose of the FLSA was not furthered by the Ohio Suit, and that the Court should interpret the statute as allowing Plaintiffs' suit under the unique circumstances presented here [Dkt. #14]. Plaintiffs argue that FLSA §217, as applied, violates their constitutional right to due process. *Id*. Plaintiffs also argue for a separate cause of action under the Portal-to-Portal Act. Finally, Plaintiffs argue in the alternative for liquidated damages which were not

---

[2] The judgment identified the amounts owed to each employee and provided that Defendant was responsible for paying each employee the amount owed within 30 days. *Id*.

[3] Specifically, Plaintiffs claim that they were not compensated for 30 extra minutes of "donning and doffing" activities required as part of their daily job duties. *Id*.

ORDER
Page - 2

awarded in the Ohio Suit. *Id*.

## II. Discussion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if, accepting all of the allegations of material fact as true, and construed in the light most favorable to the nonmoving party, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The plaintiff, however, must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). Dismissal may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### A. Plaintiffs FLSA §216(b) Claim is barred by FLSA §217

Defendant argues that the Secretary's prior §217 action bars Plaintiffs' current FLSA claim for unpaid overtime wages. Plaintiffs asks the Court to look beyond the statute's clearly expressed terms and to the purpose of the FLSA and allow their §216(b) claim notwithstanding the prior action and judgment.

The Secretary's prior filing of a FLSA §217 complaint clearly bars Plaintiffs' §216(b) claim as a matter of law. FLSA §216(b) allows an employee to maintain an action to recover unpaid overtime compensation, including an equal amount of liquidated damages, against any employer. 29 U.S.C. §216(b). However, the same section of the statute goes on to terminate an employee's right to bring an action against an employer once the Secretary has filed a complaint. This terminating effect is clear from the language of the statute: "the right . . . shall terminate upon the filing of a complaint by the Secretary of Labor in an action under 217 of this title." *Id*. Moreover, abundant case law has confirmed a clear statutory bar within FLSA §216(b). *See e.g., Wirtz v. Malthor, Inc.*, 391 F.2d 1, 3 (9th Cir. 1968) (employee's right to sue for unpaid overtime wages is terminated upon the Secretary's filing of a §217 claim); *Donovan v. University of Texas El Paso*, 643 F.2d 1201, 1204 (5th Cir.1981) (same).

Apparently aware of this bar, the Plaintiffs ask the Court to look beyond the express language of the statute (by delving into an analysis of legislative history and the like). There is no justification for doing so. Settled principles of statutory construction require that a statute be applied according to its terms when those terms are unambiguous. *See e.g., Carcieri v. Salazar*, 555 U.S. __, __, 129 S.Ct. 1058, 1059 (2009). Because the Court finds no ambiguity in §216(b), and Plaintiffs fail to raise the issue of ambiguity, the legislative history of the provision will not be considered here.

The Secretary of Labor filed an FLSA §217 complaint on May 27, 2008, in the Northern District of Ohio. Plaintiffs did not file their complaint in this Court until October 10, 2008. Because Plaintiffs' right to bring a §216(b) claim terminated on May 27, 2008, they cannot establish a cognizable legal theory under FLSA §216(b), and that claim is DISMISSED under FRCP 12(b)(6).

**B. FLSA §217 is not Unconstitutional As Applied to Plaintiffs**

Plaintiffs argue that (1) they had a vested property right in either the unpaid overtime wages or in their cause of action to recover those wages, and (2) FLSA §217 is unconstitutional "as applied" to this case because Plaintiffs' property rights were deprived without due process of the law [Dkt. #14]. Plaintiffs' §216(b) claim depends on a showing that Plaintiffs had a vested property right and that §217 is unconstitutional as applied.

Plaintiffs do not have a vested property right in any unpaid overtime compensation. "Property rights to public benefits are defined by statutes or customs that create the benefits." *Austin v. City of Brisbee*, 855 F.2d 1429, 1436 (9th Cir. 1988) (citing *Jones v. Reagan*, 748 F.2d 1331, 1338-39 (9th Cir. 1984). It is also well established that "legislation readjusting [property] rights and burdens is not unlawful solely because it upsets otherwise settled expectations." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 16 (1976) (citations omitted).

While Plaintiffs claim a protected property right in the unpaid overtime, their argument is misplaced. The FLSA does not create a vested property right of the Plaintiffs in unpaid wages; rather, it

creates a terminable right to assert a claim for unpaid wages (a cause of action)[4]. The only "right" referenced in §216(b) is the right to bring a cause of action. In fact, the title of the subsection reads "Damages; *right of action*; attorney's fees and costs; *termination of right of action*." 29 U.S.C. §216(b) (emphasis added). The text of the provision deals with only one right, "the right . . . to bring an action by or on behalf of any employee . . . shall terminate upon the filing of a complaint by the Secretary of Labor in an action under §217 of this title." *Id*. Only after instigating a cause of action, and succeeding on the merits, would Plaintiffs have a vested property right in the unpaid overtime compensation.

Plaintiffs do not have a vested property right in a cause of action under FLSA §216(b). "Causes of action are a species of property protected by the Fourteenth Amendment Due Process Clause (citations omitted). However, a 'party's property right in any cause of action does not vest until a final unreviewable judgment is obtained.'" *Fields v. Legacy Health Systems*, 413 F.3d 943, 956 (9th Cir. 2005). Rather, a statutorily granted cause of action is "inchoate and affords no definite or enforceable property right until reduced to final judgment." *Id*. (Citing *Austin*, 855 F.2d at 1436). Only then will a cause of action qualify as a constitutionally protected property right. *Jones Disposal Co., Inc. v. Jefferson Parish*, 603 F.Supp.1125, 1137-38 (E.D. La. 1985).

Here, Plaintiffs never obtained a final non-reviewable judgment. Plaintiffs never even filed a cause of action until after their inchoate right had already been foreclosed. The statute clearly terminates a FLSA §216(b) cause of action upon the filing of a §217 claim by the Secretary. Only after the Secretary had filed a §217 complaint and received a judgment in the Ohio Suit, did Plaintiffs file a complaint in this

---

[4] By way of analogy, legislatively enacted statutes of limitations produce the same result as the Secretary filing a §217 suit. Statutes of limitations are provisions of statutes which limit a claimant's ability to recover damages by *defining* a time within which a claim must be brought. This limit is most often contained within the very statute which grants the claimant an ability to recover initially. Upon the happening of a certain event (the passing of three years for example in many torts cases), a prospective claimant's expectation for recovery under the initial claim is upset. While the prospective claimant was once able to bring an action to recover damages, upon the happening of the statutorily defined event, that ability no longer exists. After the statute of limitations runs, the claimant would have no property interest in the damages he can no longer legally receive.

Court. Because Plaintiffs did not receive a final non-reviewable judgment, their interest in the §216(b) cause of action never matured into a constitutionally protected property right. As such, the §217 bar effectively prevents their §216(b) claim. Because Plaintiffs have failed to show a constitutionally protected property right, their "as applied" constitutional challenge necessarily fails.

**C. FLSA §217 does not Otherwise Violate Due Process**

Even if Plaintiffs could establish a vested property right and that FLSA §217 deprived them of that right, they have not demonstrated that the §217 bar violates due process. "An act of Congress comes . . . clothed in a presumption of constitutionality, and the burden is on the plaintiff to show that it violates due process." *In re: Consolidated U.S. Atmospheric Testing Litigation*, 820 F.2d 982, 990 (9th Cir. 1987) (citing *Hammond v. United States*, 786 F.2d 8 (1st Cir. 1986)). Because Congress used its Commerce Clause powers in passing the FLSA and because no fundamental rights or suspect classifications are involved, the rational basis standard of due process is appropriate. *Id*.

In order for plaintiffs to prevail under the rational basis standard, they must establish that the statute is "wholly arbitrary and irrational in purpose and effect, i.e., not reasonably related to the legitimate congressional purpose." *Id*. The legislative purpose for the 1961 amendments to the FLSA (including the statutory bar described in §216(b)) was "to relieve courts and employers of the burden of litigating a multiplicity of suits based upon the same violations of the Act by an employer[5]." *EEOC v. Pan American World Airways, Inc*., 897 F.2d 1499, 1505 (9 th Cir. 1990) (citing S.Rep. No. 145, 87th Cong., 1st Sess. (1961), Code Cong. & Ad.News 1620, 1659). *See also*, *Donovan*, 643 F.2d at 1207. The statutory structure contemplated by the 1961 amendments was to establish the primacy of government enforcement actions over those private actions brought by employees. *EEOC*, 897 F.2d at 1505. By terminating the opportunity for employees to bring private actions upon the government filing a complaint

---

[5]While *EEOC v. Pan Am.* deals with ADEA, the legislative purpose cited above pertains to the FLSA, after which the ADEA was closely modeled. 897 F.2d at 1505. The Court noted that the Equal Pay Act borrows the procedure of the FLSA including the statutory bar to a private causes of action upon the government filing a §217 claim. *See* 897 F.2d at 1504-06.

under FLSA §217, the statute reduces the possibility for inconsistent judgment, reduces res judicata problems, and reduces pressure on courts' dockets by consolidating all plaintiffs' claims in one action. Because the statute is reasonably related to the congressionally stated purpose it does not violate due process[6].

**D. Plaintiffs' Liquidated Damages Claim is Statutorily Barred**

Plaintiffs argue in the alternative for liquidated damages under FLSA §216(b) [Dkt. #14]. They argue that the bar established as a result of the Ohio Suit does not prevent them from recovering full liquidated damages in this Court[7]. *Id*. Plaintiffs argue that the liquidated damages provided under §216(b) are not barred by the Secretary's filing of a §217 suit, and that those liquidated damages are instead "mandatory under the FLSA." *Id*.

Liquidated damages are unavailable as a remedy in a FLSA §217 suit. *Donovan v. Brown Equipment and Service Tools, Inc.*, 666 F.2d 148, 156 (5th Cir. 1982). FLSA §216(b) does provide liquidated damages, stating "any employer . . .shall be liable . . . to the employee . . . [for] unpaid overtime compensation . . . and in an additional equal amount [for] liquidated damages." 29 U.S.C. §216(b). However, as is discussed above, the statutory bar created by the Secretary's §217 action terminates all rights under FLSA §216(b). While liquidated damages under §216(b) are nonwaivable[8],

---

[6] Plaintiffs also complain that they were not provided with notice of the Ohio Suit or given the opportunity to participate in the proceeding. This argument fails as a matter of law. A §217 suit by the government does not require notice to employees, nor does it allow employees to participate in its proceedings. *Donovan*, 643 F.2d at 1208. "The Secretary's statutory obligation to redress public wrongs is one likely explanation as to why there is no requirement under §17 that the employees request consent, compromise, or otherwise affect the pending litigation by the Secretary. Logically, because there is neither opting out or in by employees in a §17 suit, no purpose neither fundamental nor due process requirements . . . would be served by notification procedures like those found in Rule 23." *Id*. Moreover, Plaintiffs recognize that notice and the opportunity to participate in the proceeding are not available or required in a §217 suit [Dkt. #14, p. 9].

[7] FLSA §216(b) uses the term "liquidated damages;" however, that term is somewhat misleading. Essentially, §216(b) allows for double damages by allowing recovery of unpaid overtime, as well as an additional equal recovery in what the statute refers to as "liquidated damages." This second award of damages is really an exemplary award of damages.

[8] *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) (holding "FLSA rights cannot be abridged by contract or otherwise waived because that would "nullify the purposes" of the statute and thwart the legislative policies it was designed to effectuate") (citations omitted).

those damages are not exempt from the statutory bar created by a §217 suit. As is discussed in Section A *supra*, the Secretary's filing of a §217 complaint terminates all employees' rights of action under FLSA 216(b). There is no indication that liquidated damages were intended to remain available to employees as a remedy upon the filing of a §217 suit. In fact, the contrary is expressed by looking again to the legislative purpose in amending the FLSA in 1961 (noting that the legislative purpose was to "relieve courts and employers of the burden of litigating a multiplicity of suits based upon the same violations"). S.Rep. No. 145, at 1659. Allowing employees to bring separate liquidated damages claims after a §217 suit had been filed would run counter to the legislative purpose of the 1961 amendments. The waiver argument relied on by Plaintiffs does not resolve the statutory bar created by filing of a §217 suit[9]. Because the statutory bar applies to all of FLSA §216(b), Plaintiffs' claim for liquidated damages under that section must be denied.

### E. Prejudgment Interest is not Recoverable from this Court

It is well established that when liquidated damages are unavailable, prejudgment interest is necessary to fully compensate employees for lost wages. *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986). The court in *Ford* explained the avenue for recovery of prejudgment interest stating "it is ordinarily an abuse of discretion not to include prejudgment interest in a back-pay award under the FLSA." *Id*.

The quote from *Ford* shows the problem with Plaintiffs' claim for prejudgment interest being presented to this Court. District courts are not courts of appellate jurisdiction charged with determining if abuse of discretion has occurred; rather they are trial courts. Plaintiffs' challenge of the District Court for the Northern District of Ohio's failure to compensate for prejudgment interest fails at the most

---

[9] Plaintiffs argue that "the pay mandates of the FLSA are nonwaivable. They cannot be abridged by contract or otherwise waived" [Dkt. #14, p. 8, n.8] (citing *Barrentine*, 450 U.S. at 740). *Barrentine* dealt with waiver resulting from provisions in a collective bargaining agreement. *Barrentine* does not support an exemption for liquidated damages after a §217 suit has been filed by the Secretary barring causes of actions by employees.

fundamental level. This Court has no authority to review a judgment entered by a District Court in Ohio. Indeed the only courts with such authority are the 6th Circuit Court of Appeals, and the United States Supreme Court. While Plaintiffs may have a legitimate complaint in seeking prejudgment interest, this Court is the improper venue to pursue such a claim[10]; therefore, Plaintiffs claim for prejudgment interest must be denied.

**F. Plaintiffs Abandoned their Portal-to-Portal Act claim**

Plaintiffs stated in their response brief, "Defendant argues that the Portal-to-Portal Act does not state a separate and distinct cause of action for unpaid overtime wages. Defendant is probably correct in this regard. Plaintiffs' counsel should have denominated the Portal-to-Portal Act claim as a second count of the unpaid overtime claim, rather than as a separate cause of action." *Id*.

Indeed, the Portal-to-Portal Act does not establish a separate cause of action for unpaid overtime wages. Plaintiffs stated as a separate cause of action, a Portal-to-Portal Act claim under 29 U.S.C. §254 for unpaid overtime wages [Dkt. #1]. However, 29 U.S.C. §254 clearly relies on provisions of the FLSA in determining liability and does not itself constitute a separate cause of action. 29 U.S.C. §254 states "no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938 . . . on account of the failure of such employer to pay . . . overtime compensation." Because Plaintiffs' FLSA claim is barred as discussed above, their 29 U.S.C. §254 claim must fail as it was brought as a separate cause of action.

**III. Conclusion**

Plaintiffs' §216(b) claim is dismissed because it is barred by the Secretary's filing of the FLSA §217 action. Plaintiffs' constitutional challenge to the §217 statutory bar also fails. Plaintiffs' alternative claim for liquidated damages is also barred by the Secretary's filing of the §217 action. Finally,

---

[10]There are other ways for Plaintiffs to pursue their prejudgment interest claim and to receive compensation for overtime hours actually worked. For example, they could request that the Secretary appeal the Ohio Suit to the 6th Circuit. They could also request that the Secretary bring a second action under §216(c) as Plaintiffs alluded to in their response brief [Dkt. #14, p. 10].

Plaintiffs' request that this Court award prejudgment interest fails as a matter of law. Therefore, Defendant's motion to dismiss Plaintiffs' FLSA and Portal-to-Portal Act claims is hereby GRANTED. Those claims are dismissed with prejudice. Plaintiffs final claim under RCW 49.46.090 *et. seq.*, survives this motion and the court will exercise supplemental jurisdiction as to that claim under 28 U.S.C. §1367. IT IS SO ORDERED.

Dated this 22nd day of April, 2009.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE